1 F.3d 1243
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie MONTGOMERY, Defendant-Appellant.
 No. 92-2239.
 United States Court of Appeals, Sixth Circuit.
 July 12, 1993.
 
 Before KENNEDY and MARTIN, Circuit Judges; and WISEMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Willie Montgomery appeals his conviction and sentence for conspiracy to distribute heroin, distribution of heroin, and use of a firearm during a drug-trafficking offense. Montgomery challenges the sufficiency of the evidence supporting the firearm conviction. We affirm.
 
 
 2
 On January 29, 1992, an undercover agent of the Bureau of Alcohol, Tobacco, and Firearms entered a house at 4132 Lenox in Detroit, Michigan to buy heroin. Willie Montgomery answered the door. The agent asked to see Sylvester Shirley, also known as Rick. Montgomery led the agent into the living room, where Rick was located. The agent purchased three foil-wrapped packages of heroin from Rick for forty-five dollars. After a short discussion in which the agent agreed to get some shotgun shells for Rick, the agent departed.
 
 
 3
 On January 30, the agent returned to the house to purchase more heroin. Montgomery again admitted the agent, but on this occasion, Montgomery negotiated the sale. Montgomery provided the agent with two foil-wrapped packages of heroin and accepted thirty dollars for payment. Montgomery also asked if the agent had brought any twenty-gauge shotgun shells. The agent answered that he did not have them. After the drug transaction, Montgomery led the agent to the door.
 
 
 4
 On January 31, the agent went to the house to buy more heroin. Montgomery requested shotgun shells, and the agent said that he would bring some shells the following day. After purchasing two foil-wrapped packets of heroin from Montgomery for thirty dollars, the agent walked through an open doorway to talk to Rick, who was seated beside a twenty-gauge shotgun. Montgomery and a woman named Angie Scott followed the agent. Rick picked up a shotgun as the agent approached and asked the agent if he liked the way that Rick had shortened the barrel. Montgomery responded by saying that it looked fine and asked Rick where he got the gun. Rick answered that Montgomery brought it to the house the prior evening. The agent left the house after this conversation.
 
 
 5
 As soon as the undercover agent departed, he signaled to other agents to execute a search warrant to search the premises. The agents found thirty dollars in prerecorded currency in Montgomery's pants pocket. The agents also located some foil packets containing heroin. They also found the loaded twenty-gauge shotgun that Rick had shown to the undercover agent.
 
 
 6
 On February 20, 1992, a federal grand jury returned an eight-count indictment against Montgomery and several other individuals. The indictment charged Montgomery on four counts. The first count alleged conspiracy to distribute heroin, in violation of 21 U.S.C. Sec. 846. The third and fourth counts charged that Montgomery had distributed heroin on January 30 and 31, in violation of 21 U.S.C. Sec. 841(a)(1). The fifth count charged Montgomery and Rick with aiding and abetting each other in the use and carrying of a firearm during a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c). After a four-day trial, a jury convicted Montgomery an all charges. The district court sentenced him to concurrent six-month terms of imprisonment for heroin distribution. The district court imposed a consecutive ten-year sentence on the gun charge. On September 23, Montgomery filed a timely notice of appeal.
 
 
 7
 Montgomery challenges the sufficiency of the evidence supporting his conviction for using or carrying the shotgun during the heroin transaction on January 31. Montgomery argues that the United States failed to show a relationship between the weapon seized and any drug transaction. The firearm statute prohibits the use or carrying of a firearm "during and in relation to any crime of violence or drug trafficking...." 18 U.S.C. Sec. 924(c)(1).
 
 
 8
 In reviewing the sufficiency of the evidence, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). The element at issue in this case is the evidence that the gun was carried "in relation to" the commission of a drug crime. The majority opinion in United States v. Morrow, 977 F.2d 222, 230-31 (6th Cir.1992) (en banc ) addresses this question. In Morrow, we affirmed Morrow's conviction on a section 924(c) charge for aiding and abetting a co-conspirator who possessed a gun while tending marijuana plants. Id. Because Morrow was aware that his colleague had the firearm for protection, "Morrow was as much a potential beneficiary of the firearm being present as was [the co-conspirator with the gun]." Id.
 
 
 9
 Likewise, in the present case, Montgomery benefited from the available protection that the weapon could provide. The presence of the firearm increased the ability of Montgomery and Rick to secure or enforce illegal drug transactions, thereby facilitating the drug trafficking activities. Rick's statement that Montgomery brought the gun to the house for him indicates that Montgomery aided and abetted Rick in the use and carrying of the weapon during and in relation to a drug trafficking offense. Therefore, we find sufficient evidence for a rational jury to convict Montgomery on the firearm charge. For this reason, we affirm.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation